## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT MARK TURNER, Individually and on behalf of others similarly situated**<br>**Plaintiff**<br><br>**v.**<br><br>**GOAUTO INSURANCE COMPANY**<br>**Defendant** | **CASE NO. 3:21-cv-557**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE** |

### NOTICE OF REMOVAL

**MAY IT PLEASE THE COURT:**

Defendant, GoAuto Insurance Company (hereafter "GoAuto" or the "Removing Party"), reserving any and all defenses and exceptions, removes this action, Docket Number 678,933, from the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this notice, GoAuto respectfully states as follows:

### I.     The State Court Action

1.

On or about February 1, 2019, Plaintiff Robert Mark Turner ("Plaintiff") filed a civil action in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana styled *Robert Mark Turner, Individually and on behalf of others similarly situated v. GoAuto Insurance Company*, Docket No. 678,933.  A true and correct copy of Plaintiff's Initial Petition for Damages is attached as Exhibit B.  Plaintiff's Initial Petition for Damages did not assert claims on a class-wide basis.

1

2.

On or about December 1, 2020, Plaintiff filed an Amended Petition, adding claims on behalf of a class of "all residents of Louisiana who were insured by GoAuto for the total loss of their vehicle, who suffered damage to their vehicle during the GoAuto policy period, and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a 'condition adjustment' deducted from the stated values of the comparison vehicles used to calculate GoAuto's payment for the total loss vehicle." A copy of the Amended Petition is attached as Exhibit C. Plaintiff's Amended Petition did not contain "a specific allegation that damages are in excess of the federal jurisdictional amount," and thus it did not trigger the running for the 30-day period for removing the action. *See, e.g., Safranek v. USAA Cas. Ins. Co.*, No. CV 20-00198-BAJ-EWD, 2021 WL 952409, at *5 (M.D. La. Mar. 12, 2021) (Jackson, J.). As of the filing of this removal, the Amended Petition remains the operative petition.[1]

3.

On or about March 24, 2021, Plaintiff filed a Motion for Class Certification, and accompanying Memorandum in Support, copies of which are attached as Exhibit D. The Plaintiff's motion and accompanying memorandum contained no allegations relating to the jurisdictional amount at stake in this matter.

4.

On or about September 6, 2021, Plaintiff filed a Reply Memorandum in Support of Class Certification. A copy of that reply memorandum is attached as Exhibit E. That reply memorandum clarified that plaintiff sought to certify a "class of all residents of Louisiana who were insured by

---

[1] Plaintiff subsequently filed a Motion for Leave to File Second Supplemental and Amending Petition on September 7, 2021, but the order granting the motion for leave was not executed as of the date this Notice of Removal was filed, hence the Amended Petition remains the operative petition.

GoAuto for the total loss of their vehicle…" *See* Exhibit E, at 8. Further, the reply memorandum, for the first time, stated that "there are more than 3000 members of the class," that there is a "minimum penalty of $5,000," and that "he is seeking these penalties for himself and for the class members." *Id.* at 8, 12. This pleading thus established that the jurisdictional amount in controversy exceeded $5,000,000.

5.

The allegations in both the Petition and the Amended Petition relate to GoAuto's valuation of vehicles deemed a total loss. Plaintiff alleges that for a period of years prior to the present, GoAuto breached its contractual and other obligations to Plaintiff and others similarly situated through its use of a vehicle valuation system that allegedly undervalues the losses suffered by Plaintiff. This case is thus a follow-on class action to the *Dozier* class action, which has been removed and pending in the Western District of Louisiana since September 2019. *See Dozier v. GoAuto Ins. Co.*, No. 6:19-cv-01223-RRS-PJH (W.D. La.).

6.

As set forth below, this case is properly removed to the United States District Court for the Middle District of Louisiana pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the procedural requirements for removal are satisfied. This lawsuit is a class action in which there is minimal diversity of citizenship, the amount in controversy exceeds $5 million, and this Notice of Removal has been filed within thirty days after service of the Reply Memorandum upon Defendant, GoAuto.

3

**II.     The Procedural Requirements for Removal are Satisfied.**

7.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all summonses, process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A.

8.

Plaintiff's Reply Memorandum, the first pleading establishing the jurisdictional amount in controversy, was filed in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana on or about September 6, 2021.  *See* Exhibit E.  This Notice of Removal has been filed within thirty (30) days of the filing of the "motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable" and is therefore timely under 28 U.S.C. § 1446(b).

9.

The United States District Court for the Middle District of Louisiana embraces the locality in which the state court action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

10.

No previous application has been made for the relief requested herein.

11.

Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served on Plaintiff, and a copy is being filed with the 19th Judicial District Court of East Baton Rouge Parish, Louisiana.

4

12.

If any question arises regarding the propriety of the removal of this action, GoAuto respectfully requests the opportunity to present oral argument in support of its position that this case is removable.

**III.     Removal is Proper Because this Court has Subject Matter Jurisdiction Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).**

13.

Federal jurisdiction exists under CAFA because this is a class action in which there is minimal diversity between the parties and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332 (d).

**A.  Minimal Diversity of Citizenship Exists**

14.

Plaintiff is alleged to be a resident and citizen of East Baton Rouge Parish, Louisiana.  (Pl.'s Am. Pet. at ¶ 1).  He seeks to bring claims on behalf of a class of "all residents of Louisiana who were insured by GoAuto for the total loss of their vehicle, who suffered damage to their vehicle during the GoAuto policy period, and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a 'condition adjustment' deducted from the stated values of the comparison vehicles used to calculate GoAuto's payment for the total loss vehicle."  (*Id.* at ¶ 104; Reply Memo. in Support of Class Certification at 8).

15.

Defendant GoAuto Insurance Company is a corporation organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana.  GoAuto has policyholders in various states and currently has offices selling policies in Louisiana, Nevada, Ohio, and Texas.  GoAuto has also sold policies to Louisiana policyholders who have had total

loss property claims adjusted by GoAuto and have provided GoAuto last known addresses outside the State of Louisiana.  *See* Exhibit F, Declaration of Kerry Berry*;* Exhibit G, Declaration of Jason Burge.  Accordingly, some Louisiana resident policyholders are not Louisiana citizens.  *See Phillips v. Severn Trent Env't Servs., Inc.*, No. CIV.A. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007) ("'[C]itizenship' in a state requires more than residence. It requires domicile.").

16.

Because members of the class as defined by the Plaintiff are citizens of states different from the named defendant, the minimal diversity requirement of CAFA is met and removal is appropriate.  *See* 28 U.S.C. § 1332(d)(2)(A).

**B.  Plaintiff's Allegations Satisfy CAFA's "Class Action" Requirements**

17.

Plaintiff's amended complaint seeks to certify a class action under Louisiana Code of Civil Procedure art. 591, *et seq. See* Am. Pet., Exhibit D, at ¶¶ 104-112.

18.

CAFA requires that the putative class consists of at least 100 persons.  28 U.S.C. § 1332(d)(5).  Plaintiff alleges that the class consists of at least 3,000 individuals.  *See* Reply Memo, Exhibit E, at 8 ("[Plaintiff] has established there are more than 3000 members of the class."). Accordingly, the number of putative class members far exceeds 100.

**C.  The Amount in Controversy Exceeds $5 Million**

19.

To confer subject matter jurisdiction on this Court based upon diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individuals comprising a putative class

6

are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold.  28 U.S.C. § 1332(d)(6).

20.

Plaintiff alleges that he seeks to represent a class in excess of 3000 members, and that he seeks damages, including a "minimum penalty of $5000 … for himself and for the class members." *See* Reply Memo, Exhibit E, at 12.  As such, the amount in controversy exceeds $5,000,000.

**WHEREFORE,** Defendant GoAuto Insurance Company respectfully requests that this Court assume jurisdiction over Plaintiff's claims.

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge (La. Bar No. 30420)
Danielle C. Teutonico (La. Bar. No. 39512)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

***Counsel for GoAuto Insurance Company***

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Jason W. Burge*

1471469v.2