UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT MARK TURNER**                              **CIVIL ACTION**

**VERSUS**                                                            **NO. 21-557-BAJ-RLB**

**GOAUTO INSURANCE COMPANY**

**ORDER**

Before the Court is Plaintiff's Motion for Expedited Consideration of Plaintiff's Request for Judicial Notice and *Sua Sponte* Remand (R. Doc. 12) and, alternatively, Expedited Hearing of Plaintiff's Motion for Remand (R. Doc. 8) ("Motion for Expedited Consideration") filed on October 12, 2021. (R. Doc. 13).

Robert Mark Turner ("Plaintiff") initiated this class action on or about January 28, 2019 by filing a Petition for Damages in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. (R. Doc. 1-27). Plaintiff moved for leave to file an Amended Petition for Damages on December 1, 2020, and the State Court judge signed an Order granting the motion on December 7, 2020. (R. Doc. 1-28). Plaintiff asserts that a class certification hearing was scheduled to take place on November 4, 2021. (R. Doc. 8 at 1).

On September 29, 2021, GoAuto Insurance Company ("Defendant") removed this action, purportedly based on information received in Plaintiff's Reply Memorandum in Support of Class Certification. (R. Doc. 1). In the Notice of Removal, Defendant asserts that this Court can properly exercise jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the lawsuit is a class action in which there is minimal diversity of citizenship and the amount in controversy exceeds $5 million. (R. Doc. 1 at 3).

In support of a finding that there is minimal diversity of citizenship, Defendant asserts that the operative pleading in this action is Plaintiff's Amended Petition for Damages. (R. Doc. 1 at 2). Paragraph 104 of the Amended Petition defines the purported class as follows:

> The class of **all residents of Louisiana** who were insured by GoAuto for the total loss of their vehicle, who suffered damage to their vehicle during the GoAuto policy period, and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a "condition adjustment" deducted from the stated values of the comparison vehicles used to calculate GoAuto's payment for the total loss vehicle.

(R. Doc. 1-28 at 20) (emphasis added). Defendant asserts that while it is a citizen of Louisiana, some "Louisiana resident policyholders are not Louisiana citizens" because, in the process of asserting claims, those policyholders "have provided GoAuto last known addresses outside the State of Louisiana." (R. Doc 1 at 5-6). Defendant submits declarations by Jason Burge and Kerry Berry in support of the proposition that certain purported class members under the Amended Petition are not citizens of Louisiana, and, therefore, there is minimal diversity under CAFA. (*See* R. Docs. 1-2 to 1-13; R. Doc. 1-31) (sealed)).

The foregoing assertion of minimal diversity under CAFA is premised on Plaintiff's Amended Petition being the operative pleading at the time of removal. Defendant asserts the following in Footnote 1 of its Notice of Removal: "Plaintiff subsequently filed a Motion for Leave to File Second Supplemental and Amending Petition on September 7, 2021, but the order granting the motion for leave **was not executed as of the date this Notice of Removal was filed**, hence the Amended Petition remains the operative petition." (R. Doc. 1 at 2 n.1) (emphasis added). Defendant submits a copy of Plaintiff's Motion for Leave to File Second Supplemental and Amending Petition, which includes an unsigned proposed order. (R. Docs. 1-23 at 18-19 (pages 1-2); R. Doc. 1-24 (pages 3-13), 1-25 (pages 15-24), 1-26 at 1-6 (pages 25-30).

On October 12, 2021, Plaintiff filed a Motion to Remand (R. Doc. 8); Motion to Strike the Declaration of Jason Burge and the attached Exhibits A-H (R. Doc. 10); Motion to Strike Declaration of Kerry Berry (R. Doc. 11); Motion for Judicial Notice and *Sua Sponte* Remand (R. Doc. 12); and the instant Motion for Expedited Consideration (R. Doc. 13).

Among other things, Plaintiff asserts that the State Court judge granted Plaintiff's Motion for Leave to File Second Supplemental and Amending Petition on September 27, 2021, making it the operative pleading in this action prior to removal on September 29, 2021. (R. Doc. 8 at 1; R. Doc. 12 at 1-2).[1] Plaintiff submits a copy of a signed version of the proposed order and pleading. (R. Doc. 8-2).

Plaintiff's Second Supplemental and Amending Petition creates two purported classes, both of which are alleged to be "citizens" of Louisiana, as opposed to "residents" of Louisiana. In Paragraph 1, Plaintiff alleges that "[b]oth classes are limited to **Louisiana citizens** who were insured under GoAuto policies issued in Louisiana." (R. Doc. 8-2 at 2) (emphasis added). Paragraph 140 of the Plaintiff's Second Supplemental and Amending Petition defines the purported "Condition Adjustment" class as follows:

> The class of **all citizens of Louisiana** insured by GoAuto for the total loss of a vehicle and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a "condition adjustment" deducted from the stated values of a comparison vehicle used to calculate the value of the totaled vehicle.

(R. Doc. 8-2 at 21-22) (emphasis added). Paragraph 162 of Plaintiff's Second Supplemental and Amending Petition defines the purported "Tax, Title and License" class as follows:

> **All Louisiana citizens** insured by GoAuto Insurance Company for the total loss of a vehicle, who suffered insured damages to a vehicle that GoAuto determined

---

[1] Until Defendant filed its Notice of Removal on September 29, 2021, and provided the State Court with notice of the removal, the State Court could properly exercise jurisdiction in this action. 28 U.S.C. § 1446(d). Amendment of a petition in Louisiana State Court prior to removal is governed by Louisiana Code of Civil Procedure article 1151, which provides that ten days after service of an answer, a plaintiff may only amend his petition "by leave of court or by written consent of the adverse party."

3

>to be a total loss, and who were not paid the retail cost of a comparable replacement vehicle that included the cost of the sales tax, title and license fees. **This class is limited to Louisiana citizens** insured under GoAuto policies issued in Louisiana.

(R. Doc. 8-2 at 24) (emphasis added).

Plaintiff now seeks expedited consideration of his Motions to Remand (R. Docs. 8, 12) on the basis that this "case was wrongly removed based upon erroneous allegations of minimum diversity," and to ensure remand prior to the scheduled November 4, 2021 class certification hearing in State Court. (R. Doc. 13).

Having considered the record, the Court finds good cause to grant Plaintiff's Motion for Expedited Consideration (R. Doc. 13) in part by requiring Defendant to submit expedited briefing on the issue of whether Plaintiff's Second Supplemental and Amending Petition was, in fact, the operative pleading at the time of removal and, if so, whether that filing destroys the minimal diversity required under CAFA.[2]

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Consideration (R. Doc. 13) is **GRANTED IN PART** as provided by the terms of this Order.

**IT IS FURTHER ORDERED** that on or before **October 18, 2021**, Defendant shall file a memorandum, not to exceed **10 pages**, asserting whether Plaintiff's Second Supplemental and Amending Petition was, in fact, the operative pleading at the time of removal and, if so, whether that pleading satisfies the minimal diversity required under CAFA. If necessary, the Court will issue any other appropriate orders after receipt of this memorandum. Unless otherwise ordered,

---

[2] The Court does not reach the issue of whether a pending class certification hearing in State Court provides good cause under Local Rule 7(f) for ordering expedited briefing on a motion to remand. In the instant Order, the Court is requiring expedited briefing solely in light of the discrepancies in the record regarding whether the Plaintiff's Second Supplemental and Amending Petition is in fact the operative pleading at the time of removal.

4

briefing on any other issues raised in the Motion to Remand or other motions filed by Plaintiff shall be due within the times set forth in this court's local rules.

Signed in Baton Rouge, Louisiana, on October 13, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

5