# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT MARK TURNER**                                       **CIVIL ACTION**

**VERSUS**                                                    **NO. 21-557-BAJ-RLB**

**GOAUTO INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 24, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT MARK TURNER**                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-557-BAJ-RLB**

**GOAUTO INSURANCE COMPANY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 8), Plaintiff's Motion to Strike the Declaration of Jason Bruge and Attached Exhibits A-H (R. Doc. 10), Plaintiff's Motion to Strike Declaration of Kerry Berry (R. Doc. 11), and Plaintiff's Motion for Judicial Notice and Sua Sponte Remand (R. Doc. 12).

The Court ordered expedited briefing with respect to the discrete issue of whether Plaintiff's Second Supplemental and Amending Petition was the operative pleading at the time of removal. (R. Doc. 15). Defendant filed an expedited response memorandum on this issue. (R. Doc. 16). Plaintiff filed a Reply (R. Doc. 22) and a "Supplemental" Reply. (R. Doc. 29).

Defendant also filed general oppositions to each of Plaintiff's motions. (R. Docs. 23, 24, 25). After Defendant filed its oppositions, Plaintiff filed a "Rule 56 Motion for Summary Judgment," which seeks remand based on the untimeliness of removal. (R. Doc. 26).[1]

On November 8, 2021, and in light of the redundant motions and briefing in the record, the Court informed counsel that Plaintiff's pending motions pertaining to the propriety of removal that have been referred to the undersigned for resolution (R. Docs. 8, 10, 11, 12) are fully briefed, and that no further briefing would be allowed with respect to these motions. (R. Doc. 28).

---

[1] The Motion for Summary Judgment has not been referred to the undersigned for resolution.

1

I.      **Background**

Robert Mark Turner ("Plaintiff") initiated this class action on or about January 28, 2019 by filing a Petition for Damages in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. (R. Doc. 1-27). Plaintiff moved for leave to file an Amended Petition for Damages on December 1, 2020, and the State Court judge signed an Order granting the motion on December 7, 2020. (R. Doc. 1-28). Plaintiff asserts that a class certification hearing was scheduled to take place on November 4, 2021. (R. Doc. 8 at 1; R. Doc. 22-1).

On September 29, 2021, GoAuto Insurance Company ("Defendant" or "GoAuto") removed this action, purportedly based on information received in Plaintiff's Reply Memorandum in Support of Class Certification. (R. Doc. 1). In the Notice of Removal, Defendant asserts that this Court can properly exercise jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the lawsuit is a class action in which there is minimal diversity of citizenship and the amount in controversy exceeds $5 million. (R. Doc. 1 at 3). There is no dispute that Plaintiff and Defendant are citizens of the State of Louisiana.

In support of a finding that there is minimal diversity of citizenship, Defendant asserts that the operative pleading in this action is Plaintiff's Amended Petition for Damages. (R. Doc. 1 at 2). Paragraph 104 of the Amended Petition defines the purported class as follows:

> The class of **all residents of Louisiana** who were insured by GoAuto for the total loss of their vehicle, who suffered damage to their vehicle during the GoAuto policy period, and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a "condition adjustment" deducted from the stated values of the comparison vehicles used to calculate GoAuto's payment for the total loss vehicle.

(R. Doc. 1-28 at 20) (emphasis added). Defendant asserts that some "Louisiana resident policyholders are not Louisiana citizens" because, in the process of asserting claims, those

2

policyholders "have provided GoAuto last known addresses outside the State of Louisiana." (R. Doc 1 at 5-6). Defendant submits declarations by Jason Burge and Kerry Berry in support of the proposition that certain purported class members under the Amended Petition are not citizens of Louisiana, and, therefore, there is minimal diversity under CAFA. (*See* R. Docs. 1-2 to 1-13; R. Doc. 1-31) (sealed)).

The foregoing assertion of minimal diversity under CAFA is premised on Defendant's assertion that Plaintiff's Amended Petition was the operative pleading at the time of removal. Defendant asserts the following in Footnote 1 of its Notice of Removal: "Plaintiff subsequently filed a Motion for Leave to File Second Supplemental and Amending Petition on September 7, 2021, **but the order granting the motion for leave was not executed as of the date this Notice of Removal was filed**, hence the Amended Petition remains the operative petition." (R. Doc. 1 at 2 n.1) (emphasis added). Defendant submits a copy of Plaintiff's Motion for Leave to File Second Supplemental and Amending Petition, which includes an unsigned proposed order. (R. Docs. 1-23 at 18-19 (pages 1-2); R. Doc. 1-24 (pages 3-13), 1-25 (pages 15-24), 1-26 at 1-6 (pages 25-30)).

On October 12, 2021, Plaintiff filed his Motion to Remand (R. Doc. 8); Motion to Strike the Declaration of Jason Burge and the attached Exhibits A-H (R. Doc. 10); Motion to Strike Declaration of Kerry Berry (R. Doc. 11); Motion for Judicial Notice and *Sua Sponte* Remand (R. Doc. 12); and Motion for Expedited Consideration of the Motions to Remand (R. Doc. 13). In seeking remand, Plaintiff argues that (1) the Second Supplemental and Amending Petition is the operative pleading and, given its limitation of the proposed class to Louisiana citizens, there is no minimal diversity of citizenship to support CAFA jurisdiction, and (2) removal was untimely because it was filed nine months after the filing of the Amended Petition, which satisfied the

3

requirements for CAFA jurisdiction. Plaintiff also seeks orders striking the declarations of Jason Burge and Kerry Berry on various evidentiary grounds.

With respect to the issue of minimal diversity, Plaintiff argues that because the State Court judge granted his Motion for Leave to File Second Supplemental and Amending Petition on September 27, 2021, it was the operative pleading in this action prior to removal on September 29, 2021. ( R. Doc. 8 at 1; R. Doc. 12 at 1-2). Plaintiff submitted a copy of a signed version of the proposed order and pleading. (R. Doc. 8-2). Plaintiff sought expedited consideration to ensure remand prior to the scheduled November 4, 2021 class certification hearing in State Court. (R. Doc. 13). The Court granted the motion for expedited consideration in part, and ordered expedited briefing on the issue of whether Plaintiff's Second Supplemental and Amending Petition was, in fact, the operative pleading at the time of removal and, if so, whether that pleading satisfies the minimal diversity required under CAFA. (R. Doc. 15).

Defendant submitted a brief arguing that Plaintiff's Second Supplemental and Amending Petition is not the operative pleading because it was not "filed and served" before removal as required under Louisiana Code of Civil Procedure article 1914(B). (R. Doc. 16 at 8-10). Defendant further argues that regardless of whether Plaintiff's Second Supplemental and Amending Petition is the operative pleading, Plaintiff cannot defeat minimal diversity by defining the class as limited to Louisiana citizens. (R. Doc. 16 at 4-8). In contrast, Plaintiff argues that his Second Supplemental and Amending Petition became the operative pleading when signed by the State Court judge. (R. Doc. 22). In support of this position, Plaintiff submits a certified copy of the Court Minutes (R. Doc. 22-1) and a screenshot of the State Court's electronic docket (R. Doc. 22-2) indicating that the order was in fact signed on September 27,

4

2021. Plaintiff further argues that as master of his complaint he can limit the proposed class to Louisiana citizens.

Defendant submitted further arguments in opposition to Plaintiff's bases for remand and striking the declarations submitted with the Notice of Removal. (R. Docs. 23, 24, 25). The Court need not reach the additional issues raised in Plaintiff's motions, however, because Plaintiff's Second Supplemental and Amending Petition is the operative pleading and precludes a finding of minimal diversity.

**II.    Law and Analysis**

CAFA expanded federal district courts' original jurisdiction to include "'class actions' and 'mass actions'" in which there is minimal diversity and the aggregate amount in controversy exceeds $5 million. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 739-40 (2014). Under CAFA, federal diversity jurisdiction is conferred over class actions where (1) the number of individuals in the proposed class exceeds 100; (2) minimal diversity of citizenship exists; *i.e.* at least one plaintiff and one defendant are from different states, and (3) the amount in controversy, exclusive of interests and costs, is greater than $5,000,000. 28 U.S.C. § 1332(d), (5)(B); *see Nolan v. Exxon Mobil Corp.*, No. 13-439, 2013 WL 6194621, at *2 (M.D. La. Nov. 26, 2013). The defendant bears the burden of demonstrating that these factors have been met. *Nolan*, 2013 WL 6194621, at *2.

Here, Defendant cannot meet its burden of establishing that there is minimal diversity of citizenship under 28 U.S.C. § 1332(d)(2)(A). Having considered the arguments of the parties, the Court concludes that Plaintiff's Second Supplemental and Amending Petition became the operative pleading prior to removal. That pleading limits the scope of the putative class of plaintiffs to citizens of the State of Louisiana. Given that the Defendant is also a citizen of the

5

State of Louisiana, the Court concludes that there is no minimal diversity of citizenship to support CAFA jurisdiction.

### A.    The Operative Pleading

"It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *See In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38 (1939)); *see also Berry v. ADT Sec. Servs., Inc.*, 393 F.Supp. 3d 548, 554 (S.D. Tex. 2019) ("The relevant time for determining jurisdiction remains removal, and the relevant pleadings are those in place at the time of removal.").

Until Defendant filed its Notice of Removal on September 29, 2021, and provided the State Court with notice of the removal, the State Court could properly exercise jurisdiction in this action. A state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendants file a copy of the notice of removal with the state clerk of court. 28 U.S.C. § 1446(d).[2] The Fifth Circuit has interpreted Section 1446 as ending a state court's jurisdiction once the state court has actual or constructive notice of the removal. *See Medrano v. Texas*, 580 F.2d 803 (5th Cir.1978) (state court's constructive notice of petition of removal is sufficient to deprive it of jurisdiction despite defendant's failure to file copy of notice of removal in state court); *Adair Pipeline Co. v. Pipeliners Local Union*, 325 F.2d 206 (5th Cir.1963) (handing state judge notice of removal in open court provides notice of the removal to the state

---

[2] "Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Defendant has not indicated the exact date and time that the State Court was provided notice of removal. Furthermore, the screenshot of the State Court docket submitted by Plaintiff does not identify the filing of any notice of the removal. Given that the Court concludes that the signing of the motion for leave on September 27, 2021 is the effective date of Plaintiff's Second Supplemental and Amending Petition, the Court need not determine when the State Court received notice of the removal on September 29, 2021.

court even if the defendant has not filed notice of the removal with the state court clerk). Furthermore, if the removing defendants provide notice to the plaintiffs of the removal, and the plaintiffs subsequently participate in state court proceedings, the court will presume that constructive notice of the removal to the state court was accomplished because the plaintiffs have a duty to advise the state court of the removal. *See Dukes v. S. Carolina Ins. Co.,* 770 F.2d 545, 547 (5th Cir. 1985) (presuming that the plaintiffs "properly discharged their duty to the state court and advised the court of the removal" where defendants notified plaintiffs of the removal and maintained that they sent a copy of the removal petition to the state court clerk, but the state court record did not reflect the receipt of a copy of the petition).

Prior to removal, amendment of a Petition is governed by Louisiana Code of Civil Procedure article 1151, which provides that ten days after service of an answer, a plaintiff may only amend his petition "by leave of court or by written consent of the adverse party." La. C.C.P art. 1151; *see also* La. C.C.P. art. 1155 ("The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition . . . setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.").

Contrary to the representation made in the Notice of Removal that "the order granting the motion for leave was not executed" at the time of removal, the State Court judge in fact granted Plaintiff's Motion for Leave to File Second Supplemental and Amending Petition on September 27, 2021, two days prior to removal. (R. Doc. 8-2). The Order states that "Plaintiff is granted leave to amend his petition as set forth above, which shall be filed and then served as requested below" (R. Doc.8-2 at 30). Defendant argues that in light of the foregoing language, however,

7

the State Court judge "did not order that the Second Amended Petition was **deemed filed** upon the signing of the order, but contemplated future action—that it shall 'be filed' and that it shall be 'then served.'" (R. Doc. 16 at 9) (emphasis added). Defendant argues that these acts were not fulfilled until a "Notice of Filing" was issued by the state court clerk on October 4, 2021. (*See* R. Doc. 16-1 at 1). According to Defendant, this date is important because "an interlocutory order that is not issued in open court—and there is no dispute that the order here was not issued in open court—must be sent to each party with a notice of issuance of the judgment." (R. Doc. 16 at 9) (citing La. C.C.P. art. 1914(B)).

The Court rejects Defendant's arguments. The State Court judge granted leave to amend two days prior to removal. The Court's Minutes and the docket clearly indicate that this motion was granted on September 27, 2021. (*See* R. Docs. 22-1, 22-2). Defendant's argument that the Second Supplemental and Amending Petition did not become the "operative" pleading prior to removal because it was not "filed" and "served" prior to removal is without support in the law.[3] Foremost, Defendant's reliance on Article 1914 of the Louisiana Code of Civil Procedure is misplaced. That provision concerns the rendition of an "interlocutory judgment" not an order granting leave to file an amended pleading, which does not determine any of the parties' rights. *See* La. C.C.P. art. 1841 ("A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final."). Even if the State Court judge's order granting amendment can be construed as an "interlocutory judgment," the provisions in Article 1914 address the deadlines for taking further

---

[3] This position is also contrary to the assertions in the Notice of Removal. Foremost, at the time of removal, Defendants wrongly asserted that the motion for leave with respect to the Second Supplemental and Amending Petition was "not executed." (R. Doc. 1 at 2 n.1). Moreover, in referring the Amended Petition, which Defendants claim was the operative pleading at the time of removal, Defendants reference December 1, 2020 as the operative date of that pleading. (R. Doc. 1 at 2). But that is the date Plaintiff filed his motion to amend the petition; the State Court judge did not issue an order until December 7, 2020. (R. Doc. 1-28 at 4).

actions with respect to an interlocutory judgment, not the effective date of the interlocutory judgment itself.

Furthermore, Defendants have not presented the Court with any decisions specifically holding that, for the purposes of determining the operative pleading at the time of removal, anything more than a signed order by the State Court judge on a motion for leave to amend is required. Defendants rely on *Harrington v. Crowley Offshore Services,* No. 20-00048, 2020 WL 5624018 (W.D. La. July 16, 2020), for the proposition that there is no decision showing "removal being defeated by an amended state court petition where a motion for leave to amend was filed and the order was signed but notice had not been provided to the defendant." (R. Doc. 16 at 10). The *Harrington* decision concerned the 30-day period for removal under 28 U.S.C. § 1446(b), which requires the receipt, through service or otherwise, of the pleading at issue to trigger the 30-day period for removal. In discussing the operative date that triggered the 30-day period for removal, the Court noted that the defendants did not dispute that they received a copy of an amended petition on the same day the State Court judge signed an order granting leave to amend. *Id.* at *2. The *Harrington* decision concerns the timing of removal, and does not stand for the proposition that receipt of an amended pleading is required for it to be the operative pleading at the time of removal.[4]

To be clear, service and/or receipt of an amended pleading does trigger certain duties with respect to removal under 28 U.S.C. § 1446. As discussed above, the 30-day period for removal is triggered only when the removing defendant is in "receipt" of an amended pleading through service or otherwise. 28 U.S.C. § 1446(b)(3). Likewise, a removing party has a duty to

---

[4] Federal courts have concluded that the time period for removal is triggered when the state court grants a motion for leave to amend, as opposed to when the motion to amend is filed. *See Safranek v. USAA Cas. Ins. Co.*, 525 F. Supp. 3d 707, 719 (M.D. La. 2021) (holding that the granting of plaintiff's leave to amend triggered the 30-day removal period under Section 1446(b)(3)).

file a "copy of all process, pleadings, and orders **served**" prior to removal. 28 U.S.C. § 1446(a) (emphasis added). But an amended pleading filed into the State Court record prior to removal is the operative pleading even if the removing defendant did not receive a copy of that amended pleading prior to removal. *See Porter v. Loney,* No. 16-100, 2017 WL 9485598, at *3-4 (M.D. La. May 18, 2017) (amended pleading filed without leave of court pursuant to Article 1151 was the "operative pleading at the time of removal" even though the removing defendant did not receive a copy prior to removal and, therefore, did not have a duty to file the amended petition into the record pursuant to Section 1446(a)).

Having considered the arguments of the parties, the Court concludes that the Plaintiff's Second Supplemental and Amending Petition is the operative pleading in this action.

### B.    Minimal Diversity

The Court turns to whether the proposed class definition in Plaintiff's Second Supplemental and Amending Petition defeats any finding of minimal diversity. The Court concludes that it does and, accordingly, the Court lacks CAFA jurisdiction.

Plaintiff's Second Supplemental and Amending Petition creates two purported classes, both of which are alleged to be "citizens" of Louisiana, as opposed to "residents" of Louisiana.[5] In Paragraph 1, Plaintiff alleges that "[b]oth classes are limited to **Louisiana citizens** who were insured under GoAuto policies issued in Louisiana." (R. Doc. 8-2 at 2) (emphasis added). Paragraph 140 of the Plaintiff's Second Supplemental and Amending Petition defines the purported "Condition Adjustment" class as follows:

> The class of **all citizens of Louisiana** insured by GoAuto for the total loss of a vehicle and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a "condition adjustment" deducted from the stated values of a comparison vehicle used to calculate the value of the totaled vehicle.

---

[5] An individual's citizenship is determined by his or her domicile, rather than residence. *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 799 (5th Cir. 2007).

10

(R. Doc. 8-2 at 21-22) (emphasis added). Paragraph 162 of Plaintiff's Second Supplemental and Amending Petition defines the purported "Tax, Title and License" class as follows:

> **All Louisiana citizens** insured by GoAuto Insurance Company for the total loss of a vehicle, who suffered insured damages to a vehicle that GoAuto determined to be a total loss, and who were not paid the retail cost of a comparable replacement vehicle that included the cost of the sales tax, title and license fees. **This class is limited to Louisiana citizens** insured under GoAuto policies issued in Louisiana.

(R. Doc. 8-2 at 24) (emphasis added). The issue, therefore, is whether Plaintiff these proposed class definitions destroys any minimal diversity because (1) all proposed plaintiffs and citizens of Louisiana and (2) the Defendant is a citizen of Louisiana.

Defendant represents that there is no reported case in the Fifth Circuit "that allows a plaintiff to avoid minimal diversity by seeking to certify a class defined as 'citizens' of a single state." (R. Doc. 16 at 5). While this appears to be true, other Circuit courts have explicitly reached that conclusion by considering CAFA's legislative history and limited scope. *Johnson v. Advance Am.*, 549 F.3d 932, 937-38 (4th Cir. 2008) (affirming remand for lack of CAFA jurisdiction for lack of minimal diversity where the complaint, in order "to avoid federal jurisdiction under CAFA," limited the proposed class of plaintiffs to "citizens of South Carolina"); *Life of the South Ins. Co. v. Carzell*, 851 F.3d 1341, 1346 (11th Cir. 2017) (no CAFA jurisdiction where the proposed class was restricted to "Georgia citizens"). District courts have even allowed post-removal amendments to "clarify" whether a proposed class is limited to a particular state and, therefore, minimal diversity is not achieved for purposes of CAFA. *See Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014) (remanding action where post-removal amendment of class definition modifying the proposed class from "residents" of California to "citizens" of California, which destroyed minimal diversity, was not

11

a manipulation of the forum, but rather a clarification of the Court's lack of jurisdiction under CAFA); *see also Turner v. Corinthian Int'l Parking Servs., Inc.*, No. 15-03495, 2015 WL 7768841, at *3 (N.D. Cal. Dec. 3, 2015) ("Here, the pleadings do not expressly allege that non-California citizens are excluded from the class definition. Therefore, based on the record presented, the Court cannot remand the action for the lack of diversity. Nonetheless, as the above-cited authorities make clear, Plaintiff should be afforded the opportunity to amend the pleadings to clarify the putative class definition.").

While the Court need not reach the issue of whether a post-removal amendment can "clarify" citizenship for purposes of defeating CAFA jurisdiction, the Court does find persuasive decisions holding that a plaintiff may limit a proposed class to citizens of a particular state to defeat a finding of CAFA jurisdiction. *See Johnson,* 549 F.3d at 937-38; *Carzell*, 851 F.3d at 1346. In this case, Plaintiffs, as masters of their pleadings, limited the purported class to "citizens" of Louisiana prior to removal. Under the class definition set forth in the Second Supplemental and Amending Petition, any individual who is not a citizen of Louisiana is, by definition, not a member of proposed class. Accordingly, there is no diversity between the parties and the Court lacks CAFA jurisdiction.

Having concluded that Court lacks CAFA jurisdiction, the Court need not reach Plaintiff's arguments regarding the timing of removal, requests for judicial notice and sua sponte remand without argument, and motions to strike the declarations submitted with Defendant's Notice of Removal as evidence that certain proposed class members under the First Amended Petition are not citizens of the State of Louisiana.

### C.     Plaintiff's Request for Costs and Expenses

Plaintiff requests from Defendants an award of costs and fees pursuant to 28 U.S.C. § 1447(c) on the basis that removal was not objectively reasonable. (R. Doc. 8-1 at 14-15).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005).  The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Having considered the record, the Court cannot conclude that the removal was not objectively reasonable. It is unclear when Defendant became aware of the State Court judge's Order granting leave to amend.  Furthermore, Louisiana procedural law does not explicitly state when an amended pleading becomes operative. Finally, there does not appear to be settled decisional law in this Circuit regarding whether a plaintiff can limit a proposed class to in-state citizens for the purposes of defeating CAFA jurisdiction. For these reasons, an award of costs and expenses is not merited.

### III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court for East Baton Rouge Parish, Louisiana.

**IT IS FURTHER RECOMMENED** that the parties be ordered to bear their own costs.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike the Declaration of Jason Bruge and Attached Exhibits A-H (R. Doc. 10), Plaintiff's Motion to Strike Declaration of Kerry Berry (R. Doc. 11), and Plaintiff's Motion for Judicial Notice and Sua Sponte Remand (R. Doc. 12) be **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on November 24, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**