UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT MARK TURNER,** *Individually and on behalf of others similarly situated,* | **CIVIL ACTION** |
| **VERSUS** | |
| **GOAUTO INSURANCE COMPANY** | **NO. 21-00557-BAJ-RLB** |

## RULING AND ORDER

    This putative class action alleges unfair and fraudulent practices in the adjustment of auto insurance claims against Defendant GoAuto Insurance Company, in violation of the Louisiana Insurance Code, La. R.S. § 22:1, et seq. Named plaintiff and putative class representative Robert Mark Turner filed his original Petition For Damages on January 28, 2019, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. (Doc. 1-27). On September 29, 2021, GoAuto removed Plaintiff's action to this District, invoking the Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

    GoAuto based its removal on Plaintiff's class action allegations set forth in Plaintiff's December 1, 2020 Amended Petition For Damages, which GoAuto asserted was the "operative petition" on the date of removal. (Doc. 1 at ¶ 2). Relevant here, GoAuto argued that Plaintiff's proposed class satisfied CAFA's minimal diversity requirement because GoAuto is a Louisiana corporation, and Plaintiff's Amended Petition set forth a class definition expressly including "all residents of Louisiana who were insured by GoAuto for the total loss of their vehicle" *without* any limitation to

19th JDC Certified

exclude "Louisiana resident policyholders [that] are not Louisiana citizens." (Id. at ¶¶ 14-15). According to GoAuto, "[b]ecause members of the class as defined by the Plaintiff [may include] citizens of states different from the named defendant, the minimal diversity requirement of CAFA is met and removal is appropriate." (Id. at ¶ 16).

Unfortunately for GoAuto, Plaintiff's December 1, 2020 Amended Petition was not the operative petition on the date of removal. In fact, on September 27, 2022—two days prior to GoAuto's removal—the presiding judge in Plaintiff's state court proceedings granted Plaintiff's motion for leave to file a second amended petition, and, in the same order, directed that Plaintiff's Second Amended Petition "shall be filed and then served" on GoAuto's counsel. (See Doc. 8-2 at p. 30). Importantly, Plaintiff's Second Amended Petition revised the proposed class definition to include only "citizens of Louisiana insured by GoAuto for the total loss of a vehicle," (*id.* at ¶ 140; *see also id.* at ¶ 162), thereby excluding citizens of different states and destroying minimal diversity. GoAuto readily concedes that it was aware of Plaintiff's request to file his Second Amended Petition at the time of removal—indeed, GoAuto admitted as much in its Notice of Removal, (Doc. 1 at ¶ 4, n.1). GoAuto insists, however, that it was not aware of the state court's September 27 Order granting Plaintiff's second request to amend until after GoAuto filed its removal papers. (Doc. 43 at p. 2 ("no party was aware that the district court judge had signed the order directing the filing

2

and subsequent service of the Second Amended Petition until after the removal was effected.").

After GoAuto removed Plaintiff's action to this Court, the confusion regarding the operative pleading touched off a flurry of activity among the parties. First, Plaintiff filed a Motion to Remand (Doc. 8), arguing that GoAuto failed to satisfy CAFA's minimal jurisdiction requirement based on the revised class definition set forth in the Second Amended Petition, and that, in any event, GoAuto's removal was untimely. On the same day, Plaintiff filed two motions seeking to strike declarations submitted by GoAuto in support of its removal papers (Docs. 10, 11), and a third pleading styled Motion for Judicial Notice and *Sua Sponte* Remand (Doc. 12), which essentially restated the arguments set forth in Plaintiff's Motion to Remand. Finally, three weeks later, Plaintiff filed a pleading styled Rule 56 Motion For Summary Judgment, which (again) sought a ruling "recognizing that the removal in this case was untimely and an order remanding the case." (Doc. 26 at 1). GoAuto dutifully submitted briefs opposing each of Plaintiff's various motions. (*See* Docs. 16, 17, 23, 24, 25, 41).

Presently before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 40)**, recommending that Plaintiff's action be remanded to state court due to GoAuto's failure to prove CAFA's minimal diversity requirement by a preponderance of the evidence. Specifically, the Magistrate Judge concludes that Plaintiff's Second Amended Petition became the operative pleading on September 27,

3

2022—two days prior to removal—when the presiding state court judge signed the order granting Plaintiff's motion for leave to amend, and that that pleading destroyed minimal diversity:

> That pleading [Plaintiff's Second Amended Petition] limits the scope of the putative class of plaintiffs to citizens of the State of Louisiana. Given that the Defendant is also a citizen of the State of Louisiana, the Court concludes that there is no minimal diversity of citizenship to support CAFA jurisdiction.

(Doc. 40 at 6-7). Having determined that GoAuto failed to establish minimal diversity, the Magistrate Judge recommends remand on this basis alone, without reaching Plaintiff's alternative argument that GoAuto's removal papers were untimely, or even addressing Plaintiff's various other motions. (*Id.* at 12). Finally, the Magistrate Judge recommends that Plaintiff should not recover costs and expenses associated with contesting GoAuto's Notice of Removal, because even if GoAuto was mistaken regarding the operative pleading, GoAuto's attempt to establish jurisdiction in federal court was not objectively unreasonable in light of unsettled authority regarding when an amended pleading becomes operative under Louisiana law, *and* whether a plaintiff can limit a proposed class to in-state citizens for the purpose of defeating CAFA jurisdiction. (*Id.* at 13).

Each side now objects in part to the Magistrate Judge's Report and Recommendation. Plaintiff agrees that the case should be remanded because minimal diversity is defeated, but argues that the Magistrate Judge should have gone further, and also addressed whether Defendant's Notice of Removal was untimely, which

4

would necessarily include rulings on his various additional motions. (Doc. 42). GoAuto, for its part, is satisfied with the Magistrate Judge's conclusion that it should not have to pay Plaintiff's costs and expenses, but still maintains that the Amended Petition is the operative petition for purposes of removal and that, in any event, CAFA jurisdiction is satisfied *regardless* whether the Amended Petition or the Second Amended Petition controls the analysis. (Doc. 43).

Upon *de novo* review, having carefully considered the state court record, GoAuto's removal papers, Plaintiff's Motion to Remand and additional pleadings, GoAuto's opposition briefing, and the law, the Court **APPROVES** the Magistrate Judge's Report and Recommendation (Doc. 8), and **ADOPTS** it as the Court's opinion in this matter. This action will be remanded to state court based on the same reasoning and persuasive authorities set forth in the Magistrate Judge's Report and Recommendation, as supplemented below.

In sum, two facts drive the Court's conclusion that it lacks jurisdiction over this case. First, Plaintiff's Second Amended Petition became the operative pleading on September 27, 2022, when the presiding state court judge signed the order granting Plaintiff's motion for leave to amend. Second, Plaintiff's Second Amended Petition defeats CAFA's minimal diversity requirement by expressly limiting the proposed class to include only Louisiana citizens.

Plaintiff's argument that the Court should go further in it analysis, and also determine whether GoAuto's removal was untimely, is simply a non-starter. Having

5

already determined that it lacks jurisdiction, any further rulings would be conjectural, and based on an assumption that CAFA jurisdiction is satisfied. Such speculation would result in an impermissible advisory opinion. *See Nguyen v. Hartford Underwriters Ins. Co.*, 514 F. Supp. 3d 831, 836 (M.D. La. 2021) (Jackson, J.) ("[T]he Court lacks authority to render an advisory opinion on hypothetical or abstract facts. This rule ensures that federal courts determine specific disputes between parties, rather than hypothetical legal questions, and in doing so, conserve judicial resources." (quotation marks, alterations, and citations omitted).

GoAuto's objections are equally unpersuasive, in that they would require the Court to conclude (a) the presiding state-court judge's order granting Plaintiff leave to amend was *not* self-effectuating and did *not* immediately result in Plaintiff's Second Amended Petition becoming "operative," and/or (b) that Plaintiff's express limitation of his proposed class to include *only* Louisiana citizens is to be disregarded.

But the Court will not so lightly disregard the authority of its state-court brethren to issue orders binding on cases within their jurisdiction, as this would violate well-established notions of comity and judicial restraint. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The notion of comity, 'that is, a proper respect for state functions', reflects 'a recognition ... that the entire country is made up of a union of separate state governments, and continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways'. Comity, *untempered by other*

6

*concerns*, counsels against federal intervention in state court proceedings, whether civil or criminal, pending or threatened." (quoting *Younger v. Harris*, 401 U.S. 37, 44, (1971)).

Likewise, the Court will not simply dismiss the express allegations that are the basis of Plaintiff's class action, even if these allegations are specifically intended to circumvent CAFA jurisdiction. Plaintiff, as master of his petition, is permitted to limit his class as he sees fit. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) ("To be sure, the plaintiffs in this case have taken care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA. Yet the plaintiffs, as masters of their complaint, can choose to circumscribe their class definition in this way.").

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 8)** be and is hereby **GRANTED**, and that the above-captioned action be and is hereby **REMANDED** immediately to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, each party to bear its own costs and expenses associated with Defendant's removal.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Strike the Declaration of Jason Burge and Attached Exhibits A-H (Doc. 10)**, Plaintiff's **Motion to Strike Declaration of Kerry Berry (Doc. 11)**, Plaintiff's **Motion for**

7

**Judicial Notice and** *Sua Sponte* **Remand (R. Doc. 12)**, and Plaintiff's **Motion for Summary Judgment (Doc. 26)** be and are hereby **DENIED AS MOOT**.

    Baton Rouge, Louisiana, this 28th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**